```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

FILED
04 JUL 15 PM 4:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

PAUL L. SPAIN, as
Administrator of the Estate
of Carolyn Watts Spain,
deceased,

     Plaintiff,

v.

BROWN & WILLIAMSON TOBACCO
CORPORATION, *et al.*,

     Defendants.

CIVIL ACTION NO.

99-AR-2424-S

ENTERED
JUL 15 2004

## MEMORANDUM OPINION

Before the court is the motion of defendants, Brown & Williamson Tobacco Corp. and R.J. Reynolds, to dismiss the complaint of plaintiff, Paul Spain ("Spain"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Facts and Procedural History

In evaluating whether a complaint should be dismissed pursuant to Rule 12(b)(6), the court takes the facts from the allegations of the complaint, assuming those facts to be true. *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1186 (11th Cir. 2004). Carolyn Spain ("Carolyn") starting smoking cigarettes at an early age, and became a multi-pack per day smoker. During the later years of her life, Carolyn primarily smoked cigarettes manufactured by defendants. In August 1998, Carolyn was diagnosed with terminal lung cancer. She died of lung cancer on June 8, 1999. Spain, as

1



administrator of the estate of his wife, Carolyn, filed this action in August 1999 pursuant to the Alabama Wrongful Death Act. Ala. Code § 6-5-410. "The act authorizes lawful representatives of a decedent to bring claims on the decedent's behalf within two years of death, provided that the statute of limitations had not run on the claims before the date of death." *Spain*, 363 F.3d at 1186-87 (citing *Hall v. Chi*, 782 So.2d 218, 221 (Ala. 2000)). This court dismissed the case on November 8, 1999 pursuant to Rule 12(b)(6). Spain appealed that dismissal to the Eleventh Circuit. Finding that the case involved unsettled issues of state law that were potentially determinative of all of Spain's claims, the Eleventh Circuit certified nine questions to the Alabama Supreme Court pursuant to Rule 18, Ala.R.App.P. The Alabama Supreme Court rendered its opinion on June 30, 2003 addressing some, but not all, of the questions certified to it. *Spain v. Brown & Williamson Tobacco Corp.*, 872 So.2d 101 (Ala. 2003). On March 29, 2004, the Eleventh Circuit issued its opinion. The Eleventh Circuit found that the following claims should not have been dismissed and are still viable:

> (1) negligent and wanton design, manufacture and sale based on injuries that occurred within two years prior to Carolyn Spain's death; (2) negligent and wanton marketing based on injuries that occurred within the two years prior to Carolyn Spain's death, to the extent that the complaint uses the term "marketing" in the sense of designing, manufacturing, and placing a product into commerce; (3) breach of implied warranty based on injuries that occurred within the four years prior to Carolyn Spain's death; and (4) conspiracy to fraudulently

2

>       misrepresent the dangers of defendants' cigarettes
>       insofar as the complaint alleges that defendants, on or
>       after two years prior to Carolyn Spain's death, made
>       statements knowing their falsity, or with reckless
>       disregard as to their truth or falsity, that involved the
>       alleged addition of carcinogens and other harmful
>       ingredients that would not have been well known to the
>       ordinary cigarette consumer with access to knowledge
>       common to the community.

*Spain*, 363 F.3d at 1202. The Eleventh Circuit suggested that the complaint be amended to conform to these possibilities. On remand, this court required Spain to amend to conform. Spain filed his amended complaint on May 18, 2004. The claims are now organized around four causes of action: (1) negligence, (2) wantonness and intentional conduct, (3) breach of implied warranty, and (4) conspiracy to misrepresent. Defendants filed their new motion to dismiss on June 14, 2004, asserting new reasons, not previously considered by this court or the Eleventh Circuit (unless implicitly), as to why the complaint should be dismissed in its entirety.

## Analysis

Defendants argue that all the claims in the amended complaint are due to be dismissed because Spain cannot, as a matter of law, demonstrate proximate causation.[1] Defendants also argue that the wantonness and conspiracy claims should be dismissed for additional

---

[1] Defendants also say that Spain will not be able to establish medical causation, but do not ask the court to dismiss the complaint on this ground.

3

reasons besides an absence of causation. The court must grant defendants' motion only if they demonstrate "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court will overlook the anomaly that would be inherent in granting a Rule 12(b)(6) motion after being reversed for granting a Rule 12(b)(6) motion.

## Proximate Causation

Defendants argue that Spain cannot establish that smoking was the proximate cause his wife's death. The relevant statutes of limitations restrict Spain's potential recovery to damages attributed to Carolyn's post-June 1993 smoking (wantonness claim), post-June 1995 smoking (implied warranty claim), and post-June 1997 smoking (negligence and conspiracy to misrepresent claims).[2] Defendants argue that "if Carolyn Spain continued to smoke after 1993 and that smoking caused her cancer, her failure to take account of [the] commonly known health risks [of smoking] -- i.e., her failure to quit -- breaks any causal link between defendants' alleged conduct and her alleged injury." Doc. 42 at 6. Spain responds that the key inquiry is not whether the cigarettes smoked

---

[2] Contrary to Spain's assertion, the court does not read *Killian v. McKenzie*, 2004 WL 406726 (Ala. Mar. 5, 2004), to provide Spain with a six year statute of limitations on his conspiracy to fraudulently misrepresent claim. Fraud claims are subject to a two year statute of limitations in Alabama. *Liberty Nat'l Life Ins. Co. v. McAllister*, 675 So.2d 1292, 1297 (Ala. 1995); Ala. Code § 6-2-38; Ala. Code § 6-2-3.

4

during the relevant statute of limitations periods caused Carolyn's cancer, but whether or not the alleged acts of the defendants occurring within the statutes of limitations caused a "worsening" of Spain's condition.

While the Eleventh Circuit held that the ordinary consumer could not be unaware of the dangers of smoking, it also held that the ordinary consumer would not necessarily have known of the alleged addition of carcinogens and other harmful ingredients to cigarettes. *Spain*, 363 F.3d at 1194, 1201. This was not alleged in the original complaint. The Eleventh Circuit gave the latter advice when it was evaluating Spain's conspiracy to fraudulently misrepresent claim. One element of a fraudulent misrepresentation claim in Alabama is that the plaintiff justifiably relied upon the defendants' fraudulent misrepresentation. *Id*. at 1200. The Eleventh Circuit held that Spain could not establish justifiable reliance to the extent that the claim was based on the commonly known dangers of cigarettes, but could conceivably establish justifiable reliance to the extent Spain alleged the addition of carcinogens and other harmful ingredients. *Id*. at 1201. This holding also applies in the context of proximate cause. In his amended complaint, Spain alleges that defendants, during the relevant statute of limitations periods, designed and manufactured cigarettes that were more dangerous, more habit-forming, and more addictive than cigarettes previously sold, and that defendants

5

advertised and marketed these cigarettes as less dangerous, less habit-forming, and less addictive than cigarettes previously sold. Carolyn smoked these allegedly "safer" cigarettes. The court cannot conclude, as a matter of law, that Carolyn's smoking of these enhanced cigarettes, the dangers of which were allegedly concealed by the defendants, breaks the chain of causation. Whether the alleged actions of defendants were the proximate cause of Carolyn's alleged injury, the worsening of her cancer, is not the proper subject of a Rule 12(b)(6) motion.

Defendants also argue that even if the "worsening" of cancer theory is viable and that proximate cause could theoretically be established, Spain has not properly pled it, and therefore the Rule 12(b)(6) motion is still due to be granted. In the negligence, wantonness, and implied warranty claims, Spain alleges that his wife suffered physical injury, pain and suffering, and death as a direct and proximate consequence of defendants' actions. Doc. 37 ¶¶ 26, 30, 34. In addition, in the conspiracy claim, Spain alleges that as a direct and proximate result of defendants' alleged conduct, Carolyn's physical injury was aggravated and/or worsened. Id. ¶ 42. All four claims incorporate the "Statement of Facts" section of the complaint, which includes allegations that, as a result of defendants actions, Carolyn consumed a product that was more dangerous and more addictive than she was led to believe. See e.g., id. ¶ 16. Under the liberal federal pleading requirements,

all that is required of a complaint is that it sets out a short and plain statement of the claims asserted and the grounds upon which they rest. *See Conley,* 355 U.S. at 47-48, 78 S.Ct. at 103. Spain need not "specify in detail the precise theory giving rise to recovery." *Sams v. United Food & Commercial Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

Spain's claims will not be dismissed based upon a failure to plead the theory that defendants "worsened" her cancer. Defendants motion to dismiss based on a failure demonstrate proximate cause will be denied.

## Wantonness Claim

Defendants argue that the wantonness claim is barred, because the defendants warned Carolyn of the injuries she was virtually certain to suffer. Defendants rely on *Toole v. Baxter Healthcare Corp.,* 235 F.3d.1307 (11th Cir. 2000). In *Toole,* the plaintiff, Brenda Griffin Toole ("Toole") was injured by her breast implants manufactured by the defendant, Baxter Healthcare Corp. ("Baxter"). *Id.* at 1311. Toole sued Baxter under Alabama tort law. *Id.* A jury awarded Toole punitive damages for the Baxter's alleged wanton conduct. *Id.* The trial court granted Baxter's motion for judgment notwithstanding the verdict as to the punitive damages. *Id.* Toole appealed, and the Eleventh Circuit affirmed the trial court's ruling on the punitive damages issue, finding that there was no evidence of wantonness, as is required to support a punitive

damages award in Alabama. *Id.* at 1317. The Eleventh Circuit found persuasive that Baxter had warned Toole of the harms she suffered and forecast the way in which she would suffer them. *Id.*

Spain responds that *Toole* does not warrant a dismissal of his wantonness claim. The issue of wantonness was decided in *Toole* after a full trial on the merits. Wantonness is a fact issue that is determined by the circumstances of each case. *Joseph v. Staggs*, 519 So.2d 952, 954 (Ala. 1988). Spain points out that he has pled that defendants represented to Carolyn that their new products were safer when, in fact, they knew the cigarettes were more dangerous. As a result, Spain claims that Carolyn suffered injuries that she was not warned about-- namely, the "worsening" of her cancer. The court cannot conclude that Spain, beyond a doubt, cannot demonstrate wantonness.

### Conspiracy to Misrepresent Claim

Defendants argue that the conspiracy claim should be dismissed for three reasons: (1) Spain bases his claim on conduct that falls outside the limitations period; (2) the claim is expressly pre-empted; and (3) Spain failed to state the claim with particularity as required by Rule 9(b), Fed.R.Civ.P. With regard to the first argument, as noted previously, the Eleventh Circuit specifically limited Spain's conspiracy to misrepresent claims to misrepresentations made "on or after two years prior to Carolyn's death." *Spain*, 363 F.3d at 1202. The Eleventh Circuit did not

8

consider the tolling issue under Ala. Code § 6-2-3. In Alabama, the date of discovery of fraud starts the statute of limitations. Fraud is deemed discovered when the plaintiff either discovered or should have discovered the fraud. *Tribble v. Provident Life and Accident Co.*, 534 So.2d 1096, 1099 (Ala. 1988). The Eleventh Circuit stated that the addition of carcinogens and other harmful ingredients was not within the common knowledge of consumers. Therefore, a fact issue exists as to whether the conspiracy claim limitations period was tolled. The court will not, at this point in the litigation, dismiss Spain's allegations relating to the conspiracy claim simply because the allegations go back further than two years.

Defendants next argue that the conspiracy to misrepresent claim is pre-empted by the Federal Cigarette Labeling and Advertising Act ("Labeling Act"), 5 U.S.C. § 1331 *et seq*. The Supreme Court held in *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), that a fraudulent misrepresentation that alleges that cigarette manufacturers fraudulently stated or concealed material facts about smoking and health is not pre-empted by the Labeling Act. Such claims are not pre-empted, even to the extent they arise in relation to advertising and promotion, because such "claims are predicated not on a duty 'based on smoking and health' but rather on a more general obligation-- the duty not to deceive." *Cipollone*, 505 U.S.

at 528-29, 112 S.Ct. at 2624. Applying that holding to the instant case, the Eleventh Circuit held that Spain's claim of fraudulent misrepresentation "insofar as the claim is premised on the allegation that defendants made statements knowing their falsity, or with reckless disregard as to their truth or falsity, it is not pre-empted by the Labeling Act." *Spain*, 363 F.3d at 1202. Defendants accurately point out that Spain makes allegations in the amended complaint relating to concealment of the dangers of cigarettes. Defendants argue that Spain has alleged a fraudulent suppression claim, a claim that the Eleventh Circuit held was pre-empted by the Labeling Act, and simply called it a fraudulent misrepresentation claim. The court disagrees. Spain has adequately alleged a misrepresentation claim. The admissibility and use of concealment evidence, for purposes other than proving a pre-empted fraudulent suppression claim, should be dealt with at a later stage of the litigation.

Defendants finally argue that Spain's conspiracy claim fails to state the allegations of fraud with the particularity required by Rule 9(b), Fed.R.Civ.P. Rule 9(b) is satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

10

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citations and quotations omitted); *see also U.S. ex rel. Clausen v. Laboratory Corp.*, 290 F.3d 1301, 1310 (11th Cir. 2002). Defendants also point out that if "a claim involves multiple defending parties, a claimant usually may not group all wrongdoers together in a single set of allegations. Rather, the claimant is required to make specific and separate allegations against each defendant." 2 Moore's Fed. Prac. § 9.03[1][f]. Spain's amended complaint alleges the following:

> 36. Beginning in the early to mid-1970s, Defendants, independently and in concert with one another, represented, through advertisements, including product and user depictions, and through other releases to the public domain that the "light" cigarettes they designed, manufactured, and placed into the stream of commerce were composed of good tobacco and were composed of good tobacco and were substantially less dangerous and less habit-forming and addictive than "regular" brands.
>
> 37. Simultaneously, and unknown to consumers including Mrs. Spain, the Defendants sought design changes and process alterations that would lessen the impact that lower nicotine levels and the resulting fewer consumers would have on the quantity of tobacco consumed. Defendants developed various additives and process changes that enhanced the nicotine content or its bio-availability, so that consumers of cigarettes would continue to receive powerfully addictive substances in sufficient amounts to produce long-term, and in Mrs. Spain's case, fatal dependencies.

Doc. 37. These allegations fail to provide sufficient details as to the alleged misrepresentations required by *Ziemba* and *Clausen*, and the allegations do not distinguish between defendants and

specify their respective roles in the fraud.[3] *See Sonnenreich v. Philip Morris Inc.*, 929 F.Supp. 416 (S.D. Fla. 1996) (finding that plaintiff in a tobacco case failed to plead fraud and conspiracy to commit fraud with particularity as required by Rule 9(b)), *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437 (M.D. Fla. 1998) (same). Spain is entitled to one chance to amend his complaint in order to bring it into compliance with Rule 9(b). *Cooper v. Blue Cross and Blue Shield of Fla., Inc.*, 19 F.3d 562, 568-69 (11th Cir. 1994). Accordingly, Spain will be given twenty (20) days to amend his conspiracy claim in order to state it with sufficient particularity as against the two defendants.

### Conclusion

By separate order, the court will deny defendants' motion to dismiss and order plaintiff to amend his complaint within twenty (20) days.

DONE this _15th_ day of July, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The court does not believe, as Spain suggests without legal citation, that the "impending merger" of defendants relieves Spain of meeting the requirements of Rule 9(b).